FILED

09 APR 27 PM 3: 35

U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

TAMARA L. MORIYA and
KAZUO MORIYA,

PLAINTIFFS,

VS        CIVIL ACTION N _____ CV-09-AR-0817-S

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Nominee for New Day
Financial, LLC; NEW DAY FINANCIAL, LLC; HSBC MORTGAGE SERVICES, INC;

DEFENDANTS,

## VERIFIED COMPLAINT FOR RELIEF AND
## TO ENJOIN FORECLOSURE

COME NOW Plaintiffs, Tamara L. Moriya and Kazuo Moriya, by and through the
undersigned counsel, and assert the following claims for relief against Defendants:

## INTRODUCTION

1.  Plaintiffs assert claims against Defendants arising under the Federal Truth in Lending Act
    ("TILA"), 15 U.S.C. § 1601 *et seq.,* as well as for injunctive relief from foreclosure currently
    scheduled for May 5, 2009.

2.  Plaintiffs allege that Defendants failed to make accurate disclosures as required under TILA.
    Specifically, Defendants failed to provide adequate notice of Plaintiffs' statutory right to
    cancel the transaction. As a consequence of the failure to provide adequate notice of the
    right to cancel, Plaintiffs have retained the right to cancel the transaction. Plaintiffs have
    exercised that right by delivering written notice of an election to cancel in accordance with
    the requirements of TILA. Defendants have wrongfully failed to recognize the rescission and
    failed to comply with its other TILA obligations with respect to Plaintiffs' loan cancellation.
    Plaintiffs seek a court determination that their loan transaction has been rescinded as well as
    an injunction to stop the foreclosure sale currently set for May 5, 2009. Plaintiffs also seek
    statutory and actual damages for violations of TILA, plus attorney's fees and costs.

## JURISDICTION

3.  This action includes claims which arise under the statutes of the United States and this
    Court's jurisdiction is conferred by 28 U.S.C. § 1331.

4.  This claim exceeds Federal Diversity Jurisdiction. The Plaintiffs' homestead is valued in

excess of Seventy-Five Thousand Dollars ($75,000.00), and is subject to being lost. Plaintiffs will suffer irreparable damage.

5.    Plaintiffs have suffered emotional, mental and personal injury, for which they claim damages in excess of Seventy-Five Thousand Dollars ($75,000.00) by the acts of Defendants.

6.    Pendant jurisdiction is conferred by 28 U.S.C. § 1367, and failure of title, on information and belief, to the note and mortgage being claimed as basis for foreclosure by Defendants.

### THE PARTIES

7.    Plaintiffs are over the age of twenty-one (21) years and bona fide residents of the State of Alabama.

8.    The Defendant, Mortgage Electronic Registration Systems, Inc., as nominee for New Day Financial, LLC, is, on information and belief, the assignee of the original mortgagee, New Day Financial, LLC, and is a corporate entity that was doing business in the State of Alabama, and has been such for more than six months next preceding the filing of this complaint.

9.    The Defendants, New Day Financial, LLC and HSBC Mortgage Services, Inc., are, on information and belief, corporate entities that were doing business in the State of Alabama, and have been such for more than six months next preceding the filing of this complaint.

### COUNT ONE
### VIOLATIONS OF "TILA"

10.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

11.    Plaintiffs have properly and effectively cancelled and rescinded the mortgage in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

12.    Plaintiffs, on December 15, 2006, executed and delivered a real estate mortgage and note to New Day Financial, LLC, which said mortgage secures that certain real estate mortgage note of even date therein. Said mortgage is recorded in the Office of the Judge of Probate of Shelby County, Alabama in 20061228000632640 and covers the following described real property, to-wit:

> Lot 29, according to the survey of Old Virginia, as recorded in Map Book 7, Page 117, in the Probate Office of Shelby County, Alabama.

13.    Plaintiffs' loan is subject to the Federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-

day right to cancel applies to Plaintiffs' loan.

14.     Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction"; (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. Section 1635(a) requires that each borrower receive *two* (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. § 226.23(b)(1)(emphasis added). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f).

15.     The assignee of Plaintiffs' mortgage is subject to Plaintiffs' rescission pursuant to 15 U.S.C. § 1641 ( c);

16.     A consumer may exercise the right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

17.     When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

18.     Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to borrower of all money received from the borrower, the borrower may have an obligation to tender the loan proceeds to the creditor to the extent practicable or equitable.

19.     As to Plaintiffs' loan, Defendants failed to provide the required notices of the Plaintiffs' right to cancel. At no point at or after the closing were Plaintiffs' provided a completed, dated or signed notice of their right to cancel the transaction.

20.     Pursuant to TILA, 15 U.S.C. § 1635(b), Plaintiffs have retained a right to rescind their mortgage with respect to their loan transaction with Defendants.

21.     By letters dated November 3, 2008, Exhibit "B" attached, each of the Plaintiffs have exercised the right to cancel the transaction and have notified Defendants of the election to cancel as required by 15 U.S.C. § 1635. As to each of the Plaintiffs, Defendants have failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.

22.	TILA requires specific disclosures before the closing of a credit transaction. Disclosures must be "clear and conspicuous, in writing, in a form that the consumer may keep." § 1632(a); § 226.5(a)(1). No such documents were provided to Plaintiffs herein.

23.	Defendants are "creditors" as that term is defined at 15 U.S.C. § 1602(f).

24.	Despite having received notification of Plaintiffs' rescission of the mortgage, Defendants have filed their "Notice of Acceleration of Promissory Note and Mortgage and have notified Plaintiffs of their intention to foreclose on said property, publishing same for sale in the Shelby County Reporter, and scheduling said sale for May 5, 2009, in violation of 15 U.S.C. § 1635(b) as aforesaid. See Exhibit "C" attached.

25.	The Affidavit of Plaintiffs in further support hereof is attached hereto as Exhibit "D".

COUNT TWO
FAILURE OF OWNERSHIP OF NOTE AND MORTGAGE

26.	Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

27.	On information and belief, Mortgage Electronic Registration Systems, Inc. ("MERS"), the financial institutions, or their successors/assignees controlling the loan/mortgage/foreclosure process have developed innovative processes with respect to mortgage ownership and servicing rights, and the sale of notes and mortgages, tracking of same, and are clearly involved pursuant to the notice and origination of this note and mortgage, and are nominees and involved in this process. Said "MERS" has allegedly transferred and assigned the mortgage to the mortgagee foreclosing, HSBC Mortgage Services, Inc. It is common sense of law that only the owner of the note and mortgage *as of the date the Complaint was filed* is entitled to foreclose. See Opinion of United States District Judge, Christopher A. Boyko attached hereto for the Court's convenience as Exhibit "A", for the protection of the owners, Plaintiffs herein, it is necessary that title and chain of title as set out in Judge Boyko's Opinion, be evidenced. Also, see 521 F.Supp.2d 650 (N.D. Ohio 2007). Defendants have no such title, on information and belief, and are not the owners of the note and mortgage as aforesaid. Assuming title is held, then the security interest in the mortgage fails by those flaws described by the Truth in Lending Act ("TILA") as further set forth herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court enter judgment against Defendants pursuant to 15 U.S.C. § 1640(a), and award the following relief:

A)	Statutory damages as provided by 15 U.S.C. § 1640(a);

B)	Actual damages in an amount to be determined at trial;

C)	Rescission of the Plaintiffs' loan, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed;

D)   A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring Defendants to release such security interest;

E)   Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)   A declaration that Plaintiffs have no duty to tender the loan proceeds to Defendants;

G)   An award of reasonable attorney's fees and costs;

H)   Such other relief at law or equity as this Court may deem just and proper.

## DEMAND FOR IMMEDIATE INJUNCTIVE RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request immediate hearing in view of the fact that a foreclosure sale is scheduled for May 5, 2009, that upon a hearing of this cause, that the Court will grant a temporary and permanent restraining order enjoining and restraining Defendants from foreclosing said mortgage. Plaintiffs further show that in the event Defendants are not enjoined from foreclosing said mortgage, Plaintiffs will suffer irreparable injury, harm and damages for which there is no adequate remedy in equity or at law.

Plaintiffs pray for such other, further, and different relief as to which they may be entitled in the premises, and again offer to do equity and what is meet and proper.

STATE OF ALABAMA
JEFFERSON COUNTY

Personally appeared before me, the undersigned authority, a Notary Public in and for said State and County, Tamara L. Moriya and Kazuo Moriya, who are known to me and who being by me first duly sworn, depose and say on oath: That the allegations and averments contained in the foregoing complaint are true and correct.

_____
TAMARA L. MORIYA

_____
KAZUO MORIYA

SWORN TO AND SUBSCRIBED before me on this the 27th day of April 2009.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Feb 26, 2013
BONDED THRU NOTARY PUBLIC UNDERWRITERS

_(signature)_

JERRY O. LORANT
ATTORNEY FOR PLAINTIFFS (LOR002)

OF COUNSEL:
LORANT & ASSOCIATES, PC
6 Office Park Circle, Ste 214
Birmingham, AL 35223
Telephone: (205) 871-7551
Facsimile: (205) 871-8882
Email: jol@lorantassociates.com

## JURY DEMAND

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES IN THIS CAUSE.

_(signature)_

OF COUNSEL FOR PLAINTIFFS

NOTE TO CLERK: PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:

Mortgage Electronic Registration Systems, Inc.
c/o The Corporation Company (Registered Agent)
2000 Interstate Park Dr., Ste 204
Montgomery, AL 36109

New Day Financial, LLC
c/o Registered Agents Solutions, Inc.
2094 Myrtle Drive
Montgomery, AL 36111

HSBC Mortgage Services, Inc.
c/o The Corporation Company
(Registered Agent)
2000 Interstate Park Dr., Ste 204
Montgomery, AL 36109

Exhibit A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE FORECLOSURE CASES** | ) | **CASE NO. NO.1:07CV2282** |
| | ) | **07CV2532** |
| | ) | **07CV2560** |
| | ) | **07CV2602** |
| | ) | **07CV2631** |
| | ) | **07CV2638** |
| | ) | **07CV2681** |
| | ) | **07CV2695** |
| | ) | **07CV2920** |
| | ) | **07CV2930** |
| | ) | **07CV2949** |
| | ) | **07CV2950** |
| | ) | **07CV3000** |
| | ) | **07CV3029** |
| | ) | |
| | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| | ) | |
| | ) | |
| | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |

**CHRISTOPHER A. BOYKO, J.:**

On October 10, 2007, this Court issued an Order requiring Plaintiff-Lenders in a number of pending foreclosure cases to file a copy of the executed Assignment demonstrating Plaintiff was the holder and owner of the Note and Mortgage *as of the date the **Complaint was filed**, or the Court would enter a dismissal. After considering the submissions, along with all the documents filed of record, the Court dismisses the captioned cases without prejudice. The Court has reached today's determination after a thorough review of all the relevant law and the briefs and arguments recently presented by the parties, including oral

arguments heard on Plaintiff Deutsche Bank's Motion for Reconsideration. The decision, therefore, is applicable from this date forward, and shall not have retroactive effect.

## LAW AND ANALYSIS

A party seeking to bring a case into federal court on grounds of diversity carries the burden of establishing diversity jurisdiction. *Coyne v. American Tobacco Company*, 183 F. 3d 488 (6th Cir. 1999). Further, the plaintiff "bears the burden of demonstrating standing and must plead its components with specificity." *Coyne*, 183 F. 3d at 494; *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464 (1982). The minimum constitutional requirements for standing are: proof of injury in fact, causation, and redressability. *Valley Forge*, 454 U.S. at 472. In addition, "the plaintiff must be a proper proponent, and the action a proper vehicle, to vindicate the rights asserted." *Coyne*, 183 F. 3d at 494 (quoting *Pestrak v. Ohio Elections Comm'n*, 926 F. 2d 573, 576 (6th Cir. 1991)). To satisfy the requirements of Article III of the United States Constitution, the plaintiff must show he has *personally suffered some actual injury* as a result of the illegal conduct of the defendant. (Emphasis added). *Coyne*, 183 F. 3d at 494; *Valley Forge*, 454 U.S. at 472.

In each of the above-captioned Complaints, the named Plaintiff alleges it is the holder and owner of the Note and Mortgage. However, the attached Note and Mortgage identify the mortgagee and promisee as the original lending institution — one other than the named Plaintiff. Further, the Preliminary Judicial Report attached as an exhibit to the Complaint makes no reference to the named Plaintiff in the recorded chain of title/interest. The Court's Amended General Order No. 2006-16 requires Plaintiff to submit an affidavit along with the Complaint, which identifies Plaintiff either as the original mortgage holder, or as an assignee,

trustee or successor-in-interest. Once again, the affidavits submitted in all these cases recite the averment that Plaintiff is the owner of the Note and Mortgage, without any mention of an assignment or trust or successor interest. Consequently, the very filings and submissions of the Plaintiff create a conflict. In every instance, then, Plaintiff has not satisfied its burden of demonstrating standing at the time of the filing of the Complaint.

Understandably, the Court requested clarification by requiring each Plaintiff to submit a copy of the Assignment of the Note and Mortgage, executed as of the date of the Foreclosure Complaint. In the above-captioned cases, **none** of the Assignments show the named Plaintiff to be the owner of the rights, title and interest under the Mortgage at issue as of the date of the Foreclosure Complaint. The Assignments, in every instance, express a present intent to convey all rights, title and interest in the Mortgage and the accompanying Note to the Plaintiff named in the caption of the Foreclosure Complaint upon receipt of sufficient consideration on the date the Assignment was signed and notarized. Further, the Assignment documents are all prepared by counsel for the named Plaintiffs. These proffered documents belie Plaintiffs' assertion they own the Note and Mortgage by means of a purchase which pre-dated the Complaint by days, months or years.

Plaintiff-Lenders shall take note, furthermore, that prior to the issuance of its October 10, 2007 Order, the Court considered the principles of "real party in interest," and examined Fed. R. Civ. P. 17 — "Parties Plaintiff and Defendant; Capacity" and its associated Commentary. The Rule is not *apropos* to the situation raised by these Foreclosure Complaints. The Rule's Commentary offers this explanation: "The provision should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the

-3-

proper party to sue is difficult or when an understandable mistake has been made. ... It is, in cases of this sort, intended to insure against forfeiture and injustice ..." Plaintiff-Lenders do not allege mistake or that a party cannot be identified. Nor will Plaintiff-Lenders suffer forfeiture or injustice by the dismissal of these defective complaints otherwise than on the merits.

Moreover, this Court is obligated to carefully scrutinize all filings and pleadings in foreclosure actions, since the unique nature of real property requires contracts and transactions concerning real property to be in writing. R.C. § 1335.04. Ohio law holds that when a mortgage is assigned, moreover, the assignment is subject to the recording requirements of R.C. § 5301.25. *Creager v. Anderson* (1934), 16 Ohio Law Abs. 400 (interpreting the former statute, G.C. § 8543). "Thus, with regards to real property, before an entity assigned an interest in that property would be entitled to receive a distribution from the sale of the property, their interest therein must have been recorded in accordance with Ohio law." *In re Ochmanek*, 266 B.R. 114, 120 (Bkrtcy.N.D. Ohio 2000) (citing *Pinney v. Merchants' National Bank of Defiance*, 71 Ohio St. 173, 177 (1904).[1]

This Court acknowledges the right of banks, holding valid mortgages, to receive timely payments. And, if they do not receive timely payments, banks have the right to properly file actions on the defaulted notes — seeking foreclosure on the property securing the notes. Yet, this Court possesses the independent obligations to preserve the judicial integrity of the federal court and to jealously guard federal jurisdiction. Neither the fluidity of

---

[1] Astoundingly, counsel at oral argument stated that his client, the purchaser from the original mortgagee, acquired complete legal and equitable interest in land when money changed hands, even before the purchase agreement, let alone a proper assignment, made its way into his client's possession.

the secondary mortgage market, nor monetary or economic considerations of the parties, nor the convenience of the litigants supersede those obligations.

Despite Plaintiffs' counsel's belief that "there appears to be some level of disagreement and/or misunderstanding amongst professionals, borrowers, attorneys and members of the judiciary," the Court does not require instruction and is not operating under any misapprehension. The "real party in interest" rule, to which the Plaintiff-Lenders continually refer in their responses or motions, is clearly comprehended by the Court and is not intended to assist banks in avoiding traditional federal diversity requirements.[2] Unlike Ohio State law and procedure, as Plaintiffs perceive it, the federal judicial system need not, and will not, be "forgiving in this regard."[3]

---

[2]

Plaintiff's reliance on Ohio's "real party in interest rule" (ORCP 17) and on any Ohio case citations is misplaced. Although Ohio law guides federal courts on substantive issues, state procedural law cannot be used to explain, modify or contradict a federal rule of procedure, which purpose is clearly spelled out in the Commentary. "In federal diversity actions, state law governs substantive issues and federal law governs procedural issues." *Erie R.R. Co. v. Tompkins*, 304 U.S. 63 (1938); *Legg v. Chopra*, 286 F. 3d 286, 289 (6th Cir. 2002); *Gafford v. General Electric Company*, 997 F. 2d 150, 165-6 (6th Cir. 1993).

[3]

Plaintiff's, "Judge, you just don't understand how things work," argument reveals a condescending mindset and quasi-monopolistic system where financial institutions have traditionally controlled, and still control, the foreclosure process. Typically, the homeowner who finds himself/herself in financial straits, fails to make the required mortgage payments and faces a foreclosure suit, is not interested in testing state or federal jurisdictional requirements, either *pro se* or through counsel. Their focus is either, "how do I save my home," or "if I have to give it up, I'll simply leave and find somewhere else to live."

In the meantime, the financial institutions or successors/assignees rush to foreclose, obtain a default judgment and then sit on the deed, avoiding responsibility for maintaining the property while reaping the financial benefits of interest running on a judgment. The financial institutions know the law charges the one with title (still the homeowner) with maintaining the property.

There is no doubt every decision made by a financial institution in the foreclosure process is driven by money. And the legal work which flows from winning the financial institution's favor is highly lucrative. There is nothing improper or wrong with financial institutions or law firms making a profit — to the contrary , they should be rewarded for sound business and legal practices. However, unchallenged by underfinanced opponents, the institutions worry less about jurisdictional requirements and more about maximizing returns. Under the focus of financial institutions, the federal courts must act as gatekeepers, assuring that only those who meet diversity and standing requirements are allowed to pass through. Counsel for the institutions are not without legal argument to support their position, but their arguments fall woefully short of justifying their premature filings, and utterly fail to satisfy their standing

## CONCLUSION

For all the foregoing reasons, the above-captioned Foreclosure Complaints are dismissed without prejudice.

**IT IS SO ORDERED.**

**DATE: October 31, 2007**

 S/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

---

and jurisdictional burdens. The institutions seem to adopt the attitude that since they have been doing this for so long, unchallenged, this practice equates with legal compliance. Finally put to the test, their weak legal arguments compel the Court to stop them at the gate.

The Court will illustrate in simple terms its decision: "Fluidity of the market" — "X" dollars, "contractual arrangements between institutions and counsel" — "X" dollars, "purchasing mortgages in bulk and securitizing" — "X" dollars, "rush to file, slow to record after judgment" — "X" dollars, "the jurisdictional integrity of United States District Court" — "Priceless."

Exhibit B

**Jerry O. Lorant**
6 Office Park Circle, Suite 214
Birmingham, AL 35223

November 3, 2008

**VIA CERTIFIED MAIL**
New Day Financial, LLC.
8171 Maple Lawn Blvd, Suite 300
Fulton, MD 20759

|  |  |  |
|---|---|---|
| *Re:* | BORROWERS: | **Tamara L. Moriya and Kazuo Moriya** |
|  | ADDRESS: | **4511 Old Tavern Road** |
|  |  | **Birmingham, Alabama 35242-2715** |
|  | LENDER LOAN NO: | **44062562238 and 44062562238A** |
|  |  | **HSBC Loan Number 0016176422** |

Ladies and Gentlemen:

I represent Tamara L. Moriya and Kazuo Moriya concerning the two loan transactions which they entered into with New Day Financial, LLC, on December 15, 2006, more particularly, bearing loan numbers 440625622238 and 44062562238A.

I have been authorized by my clients to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C.§ 1635, Regulation Z § 226.23.

Please be advised that pursuant to Regulation Z § 226.23(d), when a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount.

Further, we expect you to return all money that is been given to anyone in connection with the transaction within twenty (20) days of your receipt of this letter, and further take all action necessary to reflect the termination of the security interest.

Please let me hear from you or your counsel immediately regarding this matter.

Sincerely yours,

Jerry O. Lorant

Jerry O. Lorant

JOL/jak

**Jerry O. Lorant**
6 Office Park Circle, Suite 214
Birmingham, AL 35223

Phone: 205-871-7551                                                                  Fax: 205-871-8882

November 3, 2008

**VIA CERTIFIED MAIL**
New Day Financial, LLC.
Eight Tower Bridge
161 Washington Street, Suite 600
Conshohocken, PA 19428

|  |  |  |
|---|---|---|
| *Re:* | BORROWERS: | **Tamara L. Moriya and Kazuo Moriya** |
|  | ADDRESS: | **4511 Old Tavern Road** |
|  |  | **Birmingham, Alabama 35242-2715** |
|  | LENDER LOAN NO: | **44062562238 and 44062562238A** |
|  |  | **HSBC Loan Number 0016176422** |

Ladies and Gentlemen:

I represent Tamara L. Moriya and Kazuo Moriya concerning the two loan transactions which they entered into with New Day Financial, LLC, on December 15, 2006, more particularly, bearing loan numbers 440625622238 and 44062562238A.

I have been authorized by my clients to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C.§ 1635, Regulation Z § 226.23.

Please be advised that pursuant to Regulation Z § 226.23(d), when a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount.

Further, we expect you to return all money that is been given to anyone in connection with the transaction within twenty (20) days of your receipt of this letter, and further take all action necessary to reflect the termination of the security interest.

Please let me hear from you or your counsel immediately regarding this matter.

Sincerely yours,

Jerry O Lorant
Jerry O. Lorant

JOL/jak

 **FILE**

**Jerry O. Lorant**
6 Office Park Circle, Suite 214
Birmingham, AL 35223

Phone: 205-871-7551                    Fax: 205-871-8882

November 3, 2008

**VIA CERTIFIED MAIL**
HSBC Mortgage Services
Post Office Box 5249
Carol Stream, IL 60197-5249

    *Re:*    BORROWERS:    **Tamara L. Moriya and Kazuo Moriya**
             ADDRESS:        **4511 Old Tavern Road**
                              **Birmingham, Alabama 35242-2715**
             LENDER LOAN NO:    **44062562238 and 44062562238A**
                              **HSBC Loan Number 0016176422**

Ladies and Gentlemen:

       I represent Tamara L. Moriya and Kazuo Moriya concerning the two loan transactions which they entered into with New Day Financial, LLC, on December 15, 2006, more particularly, bearing loan numbers 44062562238 and 44062562238A.

       I have been authorized by my clients to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C.§ 1635, Regulation Z § 226.23. This rescission right has been exercised and is herewith further exercised with respect to your clients. A copy of the letter directed to New Day Financial is enclosed.

       Please be advised that pursuant to Regulation Z § 226.23(d), when a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount.

       Further, we expect you to return all money that is been given to anyone in connection with the transaction within twenty (20) days of your receipt of this letter, and further take all action necessary to reflect the termination of the security interest.

       Please let me hear from you or your counsel immediately regarding this matter.

                                   Sincerely yours,

                                   Jerry O. Lorant

JOL/jak
Enclosure

Exhibit C

**CYNTHIA W. WILLIAMS**

ATTORNEY AT LAW

(205) 930-5102



**SIROTE**

— & —

**PERMUTT**

A PROFESSIONAL CORPORATION

March 31, 2009

Tamara L. Moriya
Kazuo Moriya
4511 Old Tavern Road
Birmingham, AL 35242

RE:   NOTICE OF ACCELERATION OF PROMISSORY NOTE AND MORTGAGE -
4511 OLD TAVERN ROAD BIRMINGHAM, AL 35242

YOU ARE HEREBY NOTIFIED that, pursuant to the terms of the Promissory Note and Mortgage dated the 15th day of December, 2006, to Mortgage Electronic Registration Systems, Inc., as nominee for New Day Financial, LLC, said mortgage having subsequently been transferred and assigned to HSBC Mortgage Services, Inc. and by virtue of default in the terms of said Note and Mortgage, HSBC Mortgage Services Inc. hereby accelerates to maturity the entire remaining unpaid balance of the debt, including attorney's fees, accrued interest, and other lawful charges, and the amount due and payable as of this date is **$231,957.28**.  This payoff amount may change on a daily basis.  If you wish to pay off your mortgage, please call our office to obtain the updated figure.

We are at this time commencing foreclosure under the terms of the Mortgage, and enclosed is a copy of the foreclosure notice to be published in the Shelby County Reporter.  Please note that the foreclosure sale is scheduled for May 5, 2009.  If you wish to avoid losing the subject property, you must contact us immediately; otherwise, the foreclosure sale will take place as set forth in the publication notice, and we will take legal action to obtain possession of the subject property.  For any information regarding this matter, please call (205) 930-5102.

We will assume this debt to be valid unless it is disputed within thirty days after you receive this letter.  If you do dispute this debt or any portion thereof, we will obtain and mail you a verification of the debt or a copy of any judgment if you send us a written request within this thirty-day period.  Also, upon written request within this thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.  This letter is an attempt to collect a debt, and any information obtained will be used for that purpose.

FOR:      HSBC Mortgage Services Inc.

BY.      _____
Cynthia W. Williams
FOR THE FIRM

CWW/sm

cc:      Household/Loan #0016176422

*LAW OFFICES AND MEDIATION CENTERS*

2311 HIGHLAND AVENUE SOUTH     BIRMINGHAM, ALABAMA 35205

POST OFFICE BOX 55727     BIRMINGHAM, ALABAMA 35255-5727

URL  |  *http://www.sirote.com*

B i r m i n g h a m     |     H u n t s v i l l e     |     M o b i l e

**PUBLICATION DATES:**      **April 8, 2009, April 15, 2009 and April 22, 2009**
**NEWSPAPER:**      **The Shelby County Reporter**

<u>MORTGAGE FORECLOSURE SALE</u>

Default having been made in the payment of the indebtedness secured by that certain mortgage

executed by Tamara Moriya and Kazuo Moriya, for and during their joint lives and upon the

death of either, then to the survivor of them, to Mortgage Electronic Registration Systems, Inc.,

as nominee for New Day Financial, LLC, on the 15th day of December, 2006, said mortgage

recorded in the Office of the Judge of Probate of Shelby County, Alabama, in

20061228000632640; said mortgage having subsequently been transferred and assigned to

HSBC Mortgage Services, Inc; the undersigned HSBC Mortgage Services Inc., as

Mortgagee/Transferee, under and by virtue of the power of sale contained in said mortgage, will

sell at public outcry to the highest bidder for cash, in front of the main entrance of the

Courthouse at Columbiana, Shelby County, Alabama, on May 5, 2009, during the legal hours of

sale, all of its right, title, and interest in and to the following described real estate, situated in

Shelby County, Alabama, to-wit:

> The following described real estate, lying and being in the County
> of Shelby, State of Alabama, to-wit:

> Lot 29, according tot he survey of Old Virginia, as recorded in
> Map Book 7, page 117, in the Probate Office of Shelby County,
> Alabama.

> Being the same property conveyed to Tamara Moriya and Kazuo
> Moriya for and during their joint lives and upon the death of either
> then to the survivor of them by deed from Aturo Lacruz, husband
> and wife Debra Lacruz recorded 7/15/2003 in Document No.
> 20030715000448580, in the Probate Judge's Office for Shelby
> County, Alabama.

THIS PROPERTY WILL BE SOLD ON AN "AS IS, WHERE IS" BASIS, SUBJECT TO ANY EASEMENTS, ENCUMBRANCES, AND EXCEPTIONS REFLECTED IN THE MORTGAGE AND THOSE CONTAINED IN THE RECORDS OF THE OFFICE OF THE JUDGE OF PROBATE OF THE COUNTY WHERE THE ABOVE-DESCRIBED PROPERTY IS SITUATED. THIS PROPERTY WILL BE SOLD WITHOUT WARRANTY OR RECOURSE, EXPRESSED OR IMPLIED AS TO TITLE, USE AND/OR ENJOYMENT AND WILL BE SOLD SUBJECT TO THE RIGHT OF REDEMPTION OF ALL PARTIES ENTITLED THERETO.

This sale is made for the purpose of paying the indebtedness secured by said mortgage, as well as the expenses of foreclosure.

The Mortgagee/Transferee reserves the right to bid for and purchase the real estate and to credit its purchase price against the expenses of sale and the indebtedness secured by the real estate.

This sale is subject to postponement or cancellation; contact Cynthia W. Williams at the phone number shown below prior to attendance at sale.

HSBC Mortgage Services Inc., Mortgagee/Transferee
Cynthia W. Williams
SIROTE & PERMUTT, P.C.
P. O. Box 55727
Birmingham, AL 35255-5727
Attorney for Mortgagee/Transferee
(205) 930-5191
www.sirote.com/foreclosures

Exhibit D

STATE OF ALABAMA
JEFFERSON COUNTY

## AFFIDAVIT

BEFORE ME, the undersigned authority, a Notary Public in and for said State and County,

personally appeared TAMARA L. MORIYA and KAZUO MORIYA, and after being by me duly

sworn, depose and say on oath as follows:

The Mortgage and Note was mailed to us for the purpose of executing and consummation

prior hereto and closed on December 15, 2006. We received documents but we never received, in

any correspondence, in any envelope, in any Fed Ex papers, a document referring to Right to Cancel,

other than two documents. We were not told to keep the documents. There were only two

documents for signature and return. One copy of the documents was executed by the undersigned,

Tamara L. Moriya, and the other copy by the undersigned, Kazuo Moriya. The two documents that

were signed were sent pursuant to the instructions of New Day Financial, LLC back to them. No

copy of any notice was ever sent to us as notice concerning cancellation or notice of right to cancel

ever thereafter and certainly none was ever left with us or were we ever told to keep one on the date

we signed them, which was December 15, 2006.

The above and foregoing is true and correct and Affiants further saith not.

_____
TAMARA L. MORIYA

_____
KAZUO MORIYA

SWORN TO AND SUBSCRIBED before me this ___14___ day of April, 2009.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES: _11/5/12_